**Jardim, Meisner & Susser, P.C.**
ATTORNEYS AT LAW

30B Vreeland Road, Suite 201
Florham Park, NJ 07932
office: (973) 845-7640
fax: (973) 549-6079
web: jmslawyers.com

April 7, 2014

VIA ECF

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
  for the District of New Jersey
Martin Luther King, Jr. Federal Building
 and Courthouse
50 Walnut Street
Newark, NJ 07102

          **Re:**      **Huggins v. Aphena Pharma Solutions**
          **Docket No.**  **14-1537(SDW)**

Dear Judge Arleo:

      On behalf of plaintiff Donald Huggins I request that the Court schedule a settlement conference in this matter. I believe that a conference now is likely to lead to an early resolution.

      The action was recently filed by Donald Huggins against his former employer for breach of contract and quantum merit. (A copy of the complaint is annexed as Exhibit A.) Specifically, Mr. Huggins charges that under a written contract he was entitled to receive a management bonus, commission sales, and termination payment based on Mr. Huggins' having been discharged without cause by his former employer last October. All told, Mr. Huggins calculates that he is entitled to receive from Aphena Pharma Solutions, Inc., Aphena Pharma Solutions Tennessee, LLC and Aphena Pharma Solutions Maryland LLC (collectively "Aphena") in excess of $415,000.

      Prior to filing suit, Mr. Huggins (through counsel) made substantial efforts to meet with defendants to address the issues raised in the complaint. Those requests to meet were unavailing, however. Consequently, Mr. Huggins filed suit to recover the payments due him. Notwithstanding the filing, Mr. Huggins is willing and prepared to meet in an effort to resolve the dispute.

      The current status of action is that counsel for defendants have accepted service. Defendants have agreed to "answer or other respond" to the complaint by May 27.

While I recognize that ordinarily Your Honor may prefer to wait until a response to the complaint is filed, I am of the view that the issues are relatively straightforward and that a meeting of the parties could likely result in resolution without the expenditure of significant resources of the Court and the parties.[1]

If the Court believes that a conference call would be appropriate in the first instance, I am prepared to make the arrangements.

Should the Your Honor have any questions, please feel free to contact me.

Respectfully yours,

DENNIS F. GLEASON

cc:   Marc D. Miceli, Esq. (via email)
      Joseph Paykin, Esq. (via email)

---

[1] I call to Your Honor's attention that the matter has been referred to the Court's arbitration program, although the amount at issue far exceeds the $150,000 cap that applies under the Local Rule.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD HUGGINS,<br><br>           Plaintiff,<br><br>v.<br><br>APHENA PHARMA SOLUTIONS, INC., APHENA PHARMA SOLUTIONS – TENNESSEE, LLC, and APHENA PHARMA SOLUTIONS LLC – MARYLAND LLC,<br><br>           Defendants. | Civil Action No. 14-_____<br><br>COMPLAINT AND JURY DEMAND |

Donald Huggins by way of complaint against Aphena Pharma Solutions, Inc., Aphena Pharma Solutions – Tennessee LLC, and Aphena Pharma Solutions – Maryland LLC (collectively, the "Aphena defendants"), states:

### Nature of Case

1. Huggins seeks payment from the Aphena defendants arising from, among other things, a breach of contract between the Huggins and the Aphena defendants under which Huggins was to receive certain bonus payments, commissions from sales and payment upon termination but which payments have not been made by the Aphena defendants.

### The Parties

2. Plaintiff, Donald Huggins is an individual who is a citizen of and resides in Wayne, New Jersey.

3. Huggins served as Corporate Vice President of Sales and Marketing for the Aphena defendants from April 22, 2009 through October 31, 2013. The responsibilities of Huggins included developing sales and marketing strategies for the Aphena defendants.

1

4. Aphena Pharma Solutions, Inc. is a Delaware corporation with its corporate headquarters in Philadelphia, Pennsylvania. Aphena Pharma Solutions, Inc. is a pharmaceutical provider focused on contract packaging, repackaging and manufacturing for, among other things, the pharmaceutical, animal health and medical device marketplace.

5. Aphena Pharma Solutions, Inc. consists of several divisions, including Aphena Pharma Solutions – Tennessee LLC and Aphena Pharma Solutions – Maryland LLC.

6. Aphena Pharma Solutions – Tennessee LLC (formerly known as Prepak Systems, Inc.) is a Tennessee limited liability company, none of whose members are citizens of New Jersey. Aphena Pharma Solutions – Tennessee LLC has its principal offices in Cookeville, Tennessee.

7. Aphena Pharma Solutions – Maryland LLC (formerly known as Celeste Contract Packing LCC) is a Maryland limited liability company, none of whose members are citizens of New Jersey. Aphena Pharma Solutions – Maryland LLC has its corporate offices in Easton, Maryland.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367 and U.S.C. §1332 as Huggins is a citizen and resident of New Jersey and each of the defendants are neither citizens of New Jersey nor have corporate headquarters in New Jersey. The amount in controversy exceeds $75,000.

**Facts Common to All Causes of Action**

9. Huggins entered into a written employment agreement ("Agreement") dated April 27, 2009 with PrePak Systems, Inc. ("Prepak"). Under the terms of the Agreement, Huggins was to secure new business for PrePak and its "Affiliates."

2

10. The Agreement sets out the roles and responsibilities of Huggins which include that he would "be responsible for soliciting and managing sales and sales opportunities for [Prepak's] and its Affiliates' contract packaging business."

11. The term, "Affiliates," is defined in the Agreement as:

> [A]ny Person, any Person controlling, controlled by, or under common control with such Person, and, in the case of an individual, means his or her spouse, siblings, ascendants and descendants, and, with respect to the Company, includes, without limitation, [Prepak] Holdings [Inc.], Celeste [Contract Packaging LLC] and each Person which controls the Company, is controlled by the Company, or is under common control with the Company. For purposes of this definition, "control," "controlled by" and "under common control with," as applied to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of that person, whether through the ownership of voting securities, by contract or otherwise.

12. The goals of Huggins were detailed in a document entitled "Don Huggins: Management by Objective Plan" (the "Plan Objective").

13. The Plan Objective provided certain milestones to be achieved by Huggins for each fiscal quarter. By way of example, the Objective Plan for the second fiscal quarter of 2009 states:

> **Q2 April – June 2009**
>
> **General Objective:** To contact as many pharmaceutical, consumer care and virtual healthcare companies as possible to inform them of the Celeste and PrePak packaging capabilities and to lay the foundation for future sales calls. The purpose is to spread the names of PrePak Systems and Celeste Contract Packaging within the healthcare industry so each business unit will be considered for future packaging projects as they become available.

14. As part of Huggins' compensation, he was to earn, in addition to a base salary, sales commissions calculated by a commission formula as set forth in the Agreement.

3

15. Following the execution of the Agreement and through his termination in 2013, Huggins complied with the terms of the Agreement, contacting and soliciting potential business customers on behalf of the Aphena defendants. Many of these potential customers included Fortune 500 pharmaceutical and healthcare companies where Huggins had previously established personal relationships with high-ranking representatives of such companies throughout his career prior to his entering into the Agreement with the Aphena defendants.

16. Huggins' employment with the Aphena defendants was terminated without cause effective October 31, 2013.

17. Through the efforts and prior business relationships of Huggins, he assisted the Aphena defendants in generating millions of dollars in additional gross revenue from 2009 through 2013.

18. Huggins' efforts, which resulted in new business for the Aphena defendants, included developing relationships with new customers which led to sales for the Aphena defendants. Those customers included: Actavis, Airborne/Shiff, Amerigen, Amneal, Bayer, Banner Pharmacaps, Bio-Delivery Sciences, Boiron, Clem Calabrese & Associates, Convatec, CPC, D2C-Garnet, Dr. Reddy's, Glewood, Heel, Impax Labs, Mastrix Medicia, Mirror/Ricon, Navinta, Nnodum, OHM Labs, Perrigo, Polygen, Prasco, Prestige Brands, Private Label, Rhodes, Spirit, Teva, Tolmar, UDL Labs, Unichem and United Therapeutics.

## COUNT ONE

### (Breach of Contract)

19. Huggins incorporates by reference paragraphs 1 through 18 of the complaint.

20. Huggins, in accordance with the terms of the Agreement, is entitled to compensation from the Aphena defendants for his work in accordance with the management by objectives bonus.

21. Despite the fact that Huggins has made demands to the Aphena defendants for his management by objectives bonus, the Aphena defendants have refused to make payment.

22. As part of the Agreement, Huggins is entitled to commission payments for certain sales.

23. Despite the fact that Huggins has made demands to the Aphena defendants for his commissions payments, the Aphena defendants have refused to make payment.

24. As part of the Agreement, Huggins is entitled to payment upon termination of his employment.

25. Despite the fact that Huggins has made demands to the Aphena defendants for his payment upon termination, the Aphena defendants have refused to make payment.

26. The Aphena defendants have breached the Agreement with Huggin by refusing and failing to pay him his management by objective bonus, sales commissions and employmnent termination payments due under the Agreement.

Wherefore, Huggins demands judgment in his favor and against the Aphena defendants for breach of contract for compensatory damages; interest; cost of suit; attorney's fees; and such other relief as the Court may deem just and equitable.

## COUNT TWO

### (Breach of Covenant of Good Faith and Fair Dealing)

27. Huggins incorporates by reference paragraphs 1 through 26 of the complaint.

28. The Agreement, as with all contracts, contains an implied covenant of good faith and fair dealing.

29. The Aphena defendants knew that they had an affirmative duty and obligation to pay Huggins as set forth in the Agreement.

30. The Aphena defendants breached their duty of good faith and fair dealing because they had no fairly debatable reason or basis for refusing to pay Huggins as due to him under the Agreement.

31. Huggins has been harmed and has sustained damages as a result of the conduct of the Aphena defendants.

Wherefore, Huggins demands judgment in his favor and against the Aphena defendants for breach of covenant of good faith and fair dealing for compensatory damages; interest; cost of suit; attorney's fees; and such other relief as the Court may deem just and equitable.

## COUNT THREE

### (Unjust Enrichment)

32. Huggins incorporates by reference paragraphs 1 through 31 of the complaint.

33. Huggins performed the services by seeking sources of additional business and customers for the Aphena defendants.

34. The Aphena defendants accepted the benefit of Huggins' services and obtained additional business and revenues through Huggins' efforts.

35. In view of the work performed by Huggins on behalf of the Aphena defendants which resulted in additional business and revenues for the Aphena defendants, Huggins had a reasonable expectation that he would receive the compensation.

6

36. By reason of the foregoing, the Aphena defendants benefited from the services rendered by Huggins. The Aphena defendants should be required to pay to Huggins all amounts owed to him for his work.

Wherefore, Huggins demands judgment in his favor and against the Aphena defendants for unjust enrichment for compensatory damages; interest; cost of suit; attorney's fees; and such other relief as the Court may deem just and equitable.

## COUNT FOUR

### (Quantum Meruit)

37. Huggins incorporates by reference paragraphs 1 through 36 of the complaint.

38. Huggins performed the services by seeking sources of additional business and customers for the Aphena defendants.

39. The Aphena defendants accepted the benefit of Huggins' services and obtained additional business and revenues through Huggins' efforts.

40. In view of the work performed by Huggins on behalf of the Aphena defendants, which resulted in additional business and revenues for the Aphena defendants, Huggins had a reasonable expectation that he would receive the compensation.

41. By reason of the foregoing, the Aphena defendants benefited from the services rendered by Huggins. The Aphena defendants should be required to pay Huggins all amounts owed to him for his work.

Wherefore, Huggins demands judgment in his favor and against the Aphena defendants for quantum meruit for compensatory damages; interest; cost of suit; attorney's fees; and such other relief as the Court may deem just and equitable.

## JURY DEMAND

Huggins demands a trial by jury.

Respectfully submitted,

By:    s/Dennis F. Gleason
       Dennis F. Gleason

JARDIM, MEISNER & SUSSER, P.C.
30B Vreeland Road, Suite 201
Florham Park, New Jersey
(973) 845-7640

and

Marc D. Miceli
THE LAW OFFICES OF MARC D. MICELI
Two University Plaza, Suite 300
Hackensack, NJ 07601
(201) 836-7600

Attorneys for
Donald Huggins

March 10, 2014

## STATEMENT PURSUANT TO RULE 11.2

I certify that the matter in controversy here is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

March 10, 2014

s/Dennis F. Gleason
Dennis F. Gleason

9